## SUPREME COURT.

### SEBRING, Executor, &c., agt. LANT.

An *injunction* can not be allowed, restraining a defendant from transferring or disposing of a *promissory note*, on a mere claim of indebtedness.

The plaintiff must not only establish a legal right in such a case, but must show the issuing and return of an execution unsatisfied.

Order to show cause why an injunction should not be granted restraining the defendant from transferring a certain promissory note.

> JAMES S. COON, *for Plaintiff.*
> WM. H. KING, *for Defendant.*

GIBSON, County Judge. By § 219 of the Code, there are three grounds on which an injunction may be granted, viz. :

1. Where it shall appear by the complaint that the plaintiff

is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the plaintiff: or,

2. When during the litigation the defendant is doing, or threatens, or is about to do, or procure, or suffer some act to be done in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction restraining such act may be issued, and,

3. Where, during the pendency of the action, the defendant threatens, or is about to remove or dispose of his property with intent to defraud his creditors, the same may be temporarily restrained.

It is clear that the injunction sought in the case under hearing cannot be granted under either of the two last provisions, as both of those are applicable only to acts done or threatened pending or during the litigation, while the sole cause for the injunction asked in this action is for what occurred anterior to its commencement. (4 *How.* 31; 5 *id.* 437; 6 *id.* 89; 7 *id.* 18.)

The question of practice raised on this application is one of great importance in a commercial and trading community; and if an injunction can be granted, will entirely subvert the former practice in regard to restraining parties from disposing of their property before judgment. By the former rules of the court of chancery, an injunction similar to the one claimed here could not be issued till the plaintiff had not only obtained judgment, but had an execution returned unsatisfied. These rules were founded in wisdom, and should not be subverted unless the intention to do so is clearly expressed in the Code. Mr. Justice PARKER in Perkins agt. Warren, (6 *How.* 346,) speaking of the section of the Code in question and the power to enjoin a defendant from interfering with, or disposing of his property, says: " Such an interference, if it could be permitted on a mere *claim* of indebtedness, would be greatly prejudicial to the commercial interests of the community. It has long been regarded

as a cardinal principle, that the *legal* right of the plaintiff must be established before he can call to his aid the extraordinary power of a court of equity ; and a writ of injunction could never be granted where there was doubt about the legal right. The law was still more careful in protecting a defendant from interference by an injunction that would suspend all his business operations ; for in addition to establishing the legal right by the recovery of the judgment, it required the plaintiff first to make the attempt to collect his demand by execution."

Though the learned judge was discussing the right to enjoin under the third clause of § 219, yet the language and reasoning are quite as applicable to an application under the first clause, for if the one is commercially injurious, so is the other. And to the same effect is the language of Mr. Justice HAND in Pomeroy agt. Hindmarsh, (5 *How. Pr. R.* 438.) Within these principles, the injunction asked for should not be granted. The plaintiff has not established any legal right, and is not entitled to the equitable interference of the court till he does so, and not then till after the issue and return of execution unsatisfied.

It is urged that the plaintiff does not seek a *general* restraint of the defendant's property ; but *non constat* that all his property is not invested in the note in question ; the presumption would rather tend that way, *else* why restrain him from its transfer and disposition.

But aside from this, if the court cannot enjoin him from a general transfer they cannot from a part, as the power is not given in the one case any more than the other, and for the same reasons.

The order to show cause is therefore discharged.